JOHN DONOVAN, Respondent, v. MICHAEL RYAN, Appellant.

St. Louis Court of Appeals, March 19, 1889.

1. **Practice, Appellate:** WEIGHT OF EVIDENCE. An appellate court cannot revise the verdict of a jury rendered upon conflicting evidence.

Donovan v. Ryan.

2.  **Practice, Trial**: MOTION FOR NEW TRIAL.  A motion for a new
trial, backed by affidavits which show no newly discovered evi-
dence, but only that an absent witness whose testimony, if obtained,
would be merely cumulative, made such frequent changes of
location as to defeat the defendant's efforts to procure his deposi-
tion, and from which affidavits it did not appear likely that his
testimony could be obtained if a new trial were granted, or that
if obtained it would probably change the result, presented nothing
from which it could be said that the trial court abused its discre-
tion in overruling the motion ; nor did anything appear in the cir-
cumstances which would justify this court in reversing the action
of the court below.

*Appeal from the St. Louis City Circuit Court.*—HON.
GEORGE W. LUBKE, Judge.

AFFIRMED.

*Valle Reyburn,* for the appellant.

The verdict is wholly unsupported by the evidence,
and excessive.   The defendant should have been granted
a new trial, and he should have been allowed an oppor-
tunity to produce Farnum's deposition.   The applica-
tion for new trial should have been sustained on the
ground of newly discovered evidence.   To sustain such
application it should appear that the evidence is newly
discovered, not cumulative, such as to render a different
result probable on a retrial; that the party could not
with reasonable diligence have produced it at the trial,
and, finally, he must establish all these facts by the best
evidence of which the case admits.   Haynes New Trials,
sec. 88; Graham & Waterman, New Trials, 462.   The
rigid rule above set forth has been adopted by a long
line of decisions in our own state.   The position of
defendant presents a case as fully within all the sub-
divisions of the foregoing general rule as can be
presented.   Farnum's evidence was clearly newly dis-
covered by its then accessibility ; it is not cumulative,
for Ryan's testimony in his own behalf could only
be to the extent that he himself had not employed
plaintiff, and Farnum's testimony will go beyond this

VOL. XXXV—11

limit and show affirmatively the employment by Farnum; this testimony likewise, if produced, would tend to render the result of a retrial more than probably different.

*Rowe & Morris*, for the respondent.

This court will not weigh the evidence. Upon reading the record the court will at once see that the overwhelming weight of the evidence is in favor of the respondent and that the verdict is for the right party and the correct amount. The refusal of the trial court to grant a new trial on the ground of newly discovered evidence is not ground for a reversal, unless it clearly appears that the court abused its discretion in the matter. *Franklin v. Holle*, 7 Mo. App. 241. To warrant a new trial on the ground of newly discovered evidence the applicant must show that the evidence has come to his knowledge since the trial. Appellant's affidavits show that the evidence came to his knowledge before the trial. *Hanley v. Life Ass'n*, 69 Mo. 380.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to recover the sum of $248.86, claimed to be due on an account for certain excavating done by the plaintiff at the request of the defendant. On the trial anew in the circuit court, before a jury, the plaintiff had a verdict and judgment for the amount claimed, and the defendant appeals, assigning for error: (1) That the verdict is wholly unsupported by the evidence, and excessive; (2) that the defendant should have been granted a new trial upon affidavits filed by him to enable him to procure the deposition of one Farnum, an absent witness.

I.   It is sufficient to say, touching the first of these assignments of error, that the question in dispute was whether the plaintiff did the excavating at the request of the defendant, or at the request of Farnum. Farnum

was the principal contractor for the erection of a building for Mrs. Morrison.   Ryan, the defendant, was a sub-contractor under him.   According to the testimony of the plaintiff, Ryan let the job, which is the subject of this suit, to the plaintiff at twenty-five cents per load less than Ryan was to get for it from Farnum.   According to Ryan's testimony, the job was let to the plaintiff by Farnum, and not by Ryan.   We see nothing, whatever, in this assignment of error except that the jury believed the testimony of the plaintiff on this point and disbelieved that of the defendant.   It is idle for learned counsel to bring such assignments of error to this court. We must repeat what we have often to say, that we are not a jury, and are not appointed by the constitution to revise the verdicts of juries in cases where the evidence is conflicting.

II.   The second assignment of error is supported by an affidavit of the defendant and another affidavit of his counsel, explaining the efforts which they had made to secure the deposition of Farnum.   Farnum, it seems, got involved in his contracts and absconded, and for a time his whereabouts were unknown.   Finally the defendant discovered him to be at Los Angeles, California, and there, on the *thirteenth of March*, 1888, procured his affidavit, which is also filed in support of this ground of new trial.   The affidavit of the defendant's counsel is to the effect that *about April*, 1888, on discovering the whereabouts of Farnum, preparations were made to take his deposition ; but before it could be taken he again disappeared, and his whereabouts were unknown till the time of the trial, and that it had subsequently been discovered that he was in Alameda county, California.   The affidavit of the defendant's counsel assigns, as a reason for not applying for a continuance on the ground of the absence of Farnum, that his whereabouts were unknown to the defendant and to the affiant at the time of the trial, and therefore the defendant could not bring himself within

the statutes and rules of court respecting continuances. This affidavit of Farnum is to the general effect that the contract for the excavating was let by Farnum to the plaintiff through Ryan, and not by Ryan to the plaintiff. Applications for new trials on the ground of the absence of witnesses are addressed largely to the discretion of the trial court, and this discretion is not to be revised on appeal unless it plainly appears to have been abused. It is to be perceived that this is not a case where the application for new trial is based upon newly discovered evidence, for here the facts to which the witness would testify were known before the trial, as is shown by his affidavit taken at Los Angeles, California, on the thirteenth of March, 1888, the trial having taken place on the twenty-ninth of the following October. It thus appears that on the thirteenth of March, 1888, the defendant knew of the then location—for it cannot be called residence—of Farnum, and procured his affidavit. The reason assigned for not getting his deposition at that time was, that, by the time the defendant had completed the preparation for taking his deposition, he again disappeared and his whereabouts were not known ; but he was again "located" in Alameda county, California, since the date of the trial.

It seems to be a just observation concerning this witness, first, that the defendant can give no satisfactory assurance that he will not again disappear in case a new trial is granted to procure his testimony ; secondly, that his testimony is merely cumulative, being in support of that of the defendant Ryan ; thirdly, that he is discredited by his own conduct so that it does not appear that his deposition, if procured, would probably change the result on another trial. Under these circumstances it is clear that we cannot say that the trial court abused its discretion in refusing the application for new trial on this ground. The judgment is, accordingly, affirmed. All the judges concur.